James A. JONES, Plaintiff,

v.

ALLIED LOANS, INC., Defendant.

Civ. A. No. 76–2424.

United States District Court,
D. South Carolina,
Columbia Division.

Sept. 20, 1977.

W. Lewis Burke, Legal Aid Service Agency, Columbia, S. C., for plaintiff.

T. E. Walsh, Gaines & Walsh, Spartanburg, S. C., for defendant.

## ORDER

HEMPHILL, District Judge.

This action, filed December 17, 1976, was brought pursuant to the Consumer Credit Protection Act of 1968, more commonly known as the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and Regulation Z, 12 CFR § 226. Plaintiff has alleged five independent violations of Regulation Z as evidenced by Paragraph 4 of his Complaint.[1] The parties filed cross motions for summary judgment, in which neither party perceives any material issue of fact.[2] The court concurs in this determination and will render judgment purely as a matter of law. For reasons hereinafter stated the court grants plaintiff's motion for summary judgment and denies defendant's motion.

## BACKGROUND

On or about July 26, 1976, plaintiff and defendant entered into a promissory note and security agreement. The note evidenced an obligation to repay a loan to plaintiff by defendant on or about the same date. It is this note and security agreement, in conjunction with the disclosure requirements of the Truth in Lending Act and Regulation Z, required in such consumer finance transactions, which give rise to the present dispute.

## APPLICABLE LAW

The Congress of the United States codified its findings and declarations of purpose in the passage and implementation of the Truth in Lending Act in 15 U.S.C.A. § 1601 which reads:

> . . . It is the purpose of this subchapter to assure meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.

The Truth in Lending Act clothed the Board of Governors of the Federal Reserve Board with the power to prescribe regulations to carry out the purposes of the subchapter.[3] Under such authority the Board implemented Regulation Z, 12 C.F.R. § 226.

The Act requires certain disclosures to be made generally. 15 U.S.C.A. § 1631. In addition, when dealing in consumer credit transactions other than an open-end credit plan (as is the case here) certain specific disclosures are required. 15 U.S.C.A. § 1638. In order to effectuate disclosure requirements for Section 1631, 12 C.F.R. § 226.6 was implemented.[4] In order to effectuate the specific disclosure requirements for 15 U.S.C.A. § 1638, 12 C.F.R.

---

**1.** Allegation 4 of the Complaint alleges as follows:

(a) The security agreement given by defendant was violative of state law in that defendant attempted to take an after acquired security interest in consumer goods thereby violating 12 C.F.R. Sections 226.8(b)(5) and 226.6(c).

(b) The underlying transaction was a refinancing and the note does not disclose in a meaningful, clear and conspicuously sequence this transaction in violation of 12 C.F.R. Sections 226.1 and 226.6.

(c) The security interest taken is in part explained and described on the reverse side of the contract in violation of 12 C.F.R. Section 226.-8(a) and (b).

. . . . .

(e) The method of computing default charges in the event of late payments is in part described on the reverse side of the contract is violation of 12 C.F.R. Section 226.8(a) and (b).

**2.** Fed.R.Civ.P. 56(c) provides that the judgment *sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.*

**3.** 15 U.S.C.A. § 1604.

**4.** Section 226.6(a) Disclosures; *general rule.*

The disclosures required to be given by this part shall be made clearly, conspicuously, in meaningful sequence, in accordance with the further requirements of this section, and at the time and in the terminology prescribed in the applicable sections . . . .

§ 226.8 was implemented.[5] It is plaintiff's contention that both of these regulations were violated and as such plaintiff is entitled to take advantage of the penalty provisions of the Truth in Lending Act.

The regulation promulgated pursuant to 15 U.S.C.A. § 1638, 12 CFR 226.8(a) provides:

> Subsection (a) *general rule.* Any creditor when extending credit other than open end credit shall, in accordance with Section 226.6 and to the extent applicable, make the disclosures required by this section with respect to any transaction consummated on or after July 1, 1969. Except as otherwise provided in this section, such disclosure shall be made before the transaction is consummated. At the time disclosures are made, the creditors shall furnish the customer with a duplicate of the instrument or a statement by which the required disclosures are made and on which the creditor is identified. All of the disclosures shall be made together on either: (1) the note or other instrument evidencing the obligation on the same side of the page and above the place for the customer's signature; or (2) one side of a separate statement which identifies the transaction.

Additionally, Section 226.8(b)(5) provides the disclosure statement, required to be utilized in a format established in Section 226.-8(a)(1) or (2), shall be the following information:

> Subsection (5). A description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates or, if such property is not identifiable, an explanation of the manner in which the creditor retains or may acquire a security interest in such property which the creditor is unable to identify. In any such case where a clear identification of such property cannot properly be made on the disclosure statement due to the length of such identification, the note,

other instrument evidencing the obligation, or separate disclosure statement, shall contain reference to a separate pledge agreement, or a financing statement, mortgage, deed of trust, or similar document evidencing the security interest, a copy of which shall be furnished to the customer by the creditor as promptly as practicable. *If after-acquired property will be subject to the security interest, or if other or future indebtedness is or may be secured by any such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired.*

■ Special attention should be placed on the last sentence of this particular section. The provision calls for a disclosure statement which clearly sets forth the after-acquired property and/or future advance aspect of a security interest in a consumer finance situation.

The instrument questioned here as violative of the Truth in Lending Act and Regulation Z is actually three instruments in one: a note, disclosure statement, and security agreement. The note is contained on the lower lefthand side of the front of the document. The security agreement begins on the lower lefthand side of the front and continues on the reverse side. The disclosure statement covers the remainder of the front of the document. The disclosure portion of the regulation requires that disclosure as to the nature of the security interest be made "on the note or other instruments evidencing the obligation on the same side of the page and above the place for the customer's signature." The description of the security interest contained in the security agreement is found on the back of the multi-purpose instrument. As such, for Regulation Z purposes, we are dealing with two separate instruments. The note and disclosure statement on the front side which is required to disclose the extent of the security interest in accordance with the law as stated above in 226.8(a) and the security

---

**5.** The specific portions of this particular section will be discussed more fully hereinafter.

agreement which gives rise to the security interest which must be disclosed.

The question to be answered is this: did the note and disclosure statement, which is mandated by the Truth in Lending Act and Regulation Z adequately disclose the nature of the security interest actually acquired?

■ State law determines the nature and extent of the security interest required to be disclosed under the Act and regulations. 15 U.S.C.A. § 1610(d), as amended;[6] *Starks v. Orleans Motors, Inc.,* 372 F.Supp. 928, 931 (E.D.La.1974).

The language of the security agreement on the reverse side of the multi-purpose instrument reads as follows:

. . . Debtor does hereby grant, transfer, and convey unto said secured party, its successors, heirs and assigns, a security interest in the property described herein as collateral situated at the address where the debtor now resides . . and all other goods of the same class now or hereafter acquired by the undersigned debtor.

It is also contemplated by the parties hereto that future advances in the form of extensions, or renewals of the same indebtedness may be made to the debtor and the same are secured hereby.

These provisions of the security agreement create or provide for the security interest and the extent of that security interest under the state law. 12 S.C. Code, § 36–9–105 (1976). The state law further provides that a security agreement may provide that collateral whenever required, shall secure the obligation covered by the security agreement. 12 S.C. Code, § 36–9–204(3).[7] This provision is severely limited in the case of consumer goods (as is the case here) by a provision which allows no security interest to attach (under an after acquired property clause) in consumer goods other than assessions when given as additional security unless the debtor acquires rights of them within 10 days after the secured party gives value. Section 36–9–204(4)(a), (b). The Code further reads that obligations covered by a security agreement may include future advances or other value whether or not the advances of value are given pursuant to commitment. Section 36–9–204(5).[8]

■ Therefore under state law, a potential security interest in all similar consumer goods acquired within 10 days of the date when value was given by the defendant, could have attached. Additionally, any future advance given as an extension of credit by the defendant to the plaintiff could be secured by the same collateral. Note that there is no time limitation as to the future advance clauses ability to embrace the collateral as security as in the case of after acquired property situation.

No disclosure of these facts was made on the disclosure portion of the multi-purpose instrument in accord with 12 C.F.R. § 226.-8(a). There are numerous cases in other circuits holding that a security agreement which contains an after acquired property clause and in which such disclosure was in fact made on the disclosure statement were violative of 226.8(b)(5), in that such disclosure statements did not contain an explanation of the peculiar 10–day after-acquired property clause provision as applied to consumer finance situations. *See e. g., Tinsman v. Moline Beneficial Finance Co.,* 531 F.2d 815 (7th Cir. 1976); *Johnson v. Associates Finance, Inc.,* 369 F.Supp. 1121 (S.D.Ill. 1974); *Woods v. Beneficial Finance Co. of Eugene,* 395 F.Supp. 9 (D.Or.1975); *In re*

---

**6.** 15 U.S.C.A. § 1610(d) reads: Except as specified in § 1635 and § 1640 of this title, this subchapter and the regulations issued thereunder do not affect the validity or enforceability of any contract or obligation under the State or Federal law.

**7.** Official comment to this section No. 2 reads as follows: (Subsections 1 and 3 read together make clear that a security interest arising by virtue of an after acquired property clause has

equal status with a security interest in collateral on which the debtor has rights at the time values given under the security agreement.

**8.** Here the language of the future advance clause denotes a noncommittal provision for future advances. Official comment No. 8 to section 9–204 simply reads "collateral may secure future as well as present advances when the security agreement so provides."

*Dunne,* 407 F.Supp. 308 (D.R.I.1976); *Ecenrode v. Household Finance Corp. of South Dover,* 422 F.Supp. 1327 (D.Del.1976).[9]

█ The holdings in these cases were obviously reached on the theory that a consumer could not make an effective decision as to his source of credit, if the terms of such credit were not clearly disclosed and explained and that absent disclosure of the 10–day rule the consumer would have difficulty in comparing alternative credit costs. Defendant seeks to distinguish these cases on the ground that they dealt with a disclosure statement which contained the after-acquired provisions and that here the disclosure statement did not. Defendant is misguided in making this distinction for these cases cited present a weaker case for violation of the Truth in Lending Act and Regulation Z. As before stated, the disclosure statement is merely descriptive of the security interest. It cannot enlarge the security interest or diminish it.[10] The extent of the security interest under state laws has already been discussed, supra. That security interest was not reflected on the disclosure statement. At least in the cases cited above, the after-acquired property clause aspect was disclosed, only the peculiar details as such clause relate to consumer goods was omitted. Such limited disclosure is more conducive to inquiry, and effective credit decisions based on all the relevant information than no disclosure at all. In the instant case, no mention of the after-acquired property aspect was made on the disclosure statement at all. As such greater violence was done to the policy behind the Truth in Lending Act than in the cases cited.

The case of *Pollock v. General Finance Corp.,* 535 F.2d 295 (5th Cir. 1976) deals with a situation in which the security agreement and disclosure statement are slightly inconsistent. There, the security agreement stated *unconditionally* that the loan in question would be secured by all after-acquired property and the consumer goods. The disclosure statement, on the other hand, *conditionally* stated that the loan might be secured by after-acquired property. In *Pollock* at page 299, it was stated:

We believe that the disclosure statement, although perhaps not false, fails to make a complete disclosure concerning the security interest retained in after-acquired goods, and therefore it did not comply with the further requirement of the regulation that notice that after-acquired property would be subject to the security interest 'shall be clearly set forth in conjunction with the description or identification of the type of security interest held . . . .' We believe that this portion of the regulation requires a lender to explain the 10 day limitation of UCC 9–204(4)(b) so that the borrower is informed that any consumer goods that he may acquire within 10 days of the loan transaction are subject to the security interest and that the consumer goods acquired after that date are not. Since the lender failed to disclose the nature of the security interest retained in after-acquired property, we determine that General Finance violated § 226.8(b)(5).

*Pollock* also addressed the issue of a future advance clause. Again the security

9. See also *Sneed v. Beneficial Finance Co. of Hawaii,* 410 F.Supp. 1135 (D.Haw.1976), indicating that a description of security interest broader than that allowed under the applicable state law would in the future be considered violative of the Truth in Lending Act.

See also *Kenney v. Landis Financial Group, Inc.,* 349 F.Supp. 939 (N.D.Iowa 1972) which held failure to explain after acquired property provision was violative of 226.6(c).

10. Quoting from *Tinsman,* supra, footnote 7, which quotes the public position letter of the Chief of the Federal Reserve Board's Truth in Lending Section, which reads:

"Each creditor must insure that all information disclosed is accurate according to the law of the jurisdiction in which the disclosure form is to be used . . . The description of that security interest should accurately reflect the type of security interest that may be legally acquired under the appropriate State law. . . Certainly, it would not appear that the creditor could legally acquire a greater security interest in the debtor's property than permitted by state law merely by listing a greater security interest in the Truth in Lending disclosure statement." Certainly the converse is true.

agreement unconditionally provided that all future advances *would be* secured by the same collateral. The disclosure statement was conditional in that respect however. It provided that future advances *may be* secured by the same collateral, and, quoting from page 300 the *Johnson* case, reads:

> Again, we believe that the lender failed to follow the mandate of the regulation that notice of the fact that future indebtedness is secured by after-acquired property 'shall be clearly set forth in conjunction with the description or identification of the type of security interest held . . .'

Note that in the instant case the only description of collateral on the disclosure statement is a listing of three items, a white refrigerator, a Silvertone black and white television, and RCA console stereo. But no reference to after-acquired property or future advances.

■ Therefore this court determines as a matter of law that defendant's failure to describe the after-acquired property clause and its legal effect and its failure to describe the future advance clause and its legal effect is violative of 15 U.S.C.A. § 1638 and 12 CFR § 226.8; and that without such information the plaintiff could not be expected to make a meaningful credit decision weighing the costs of alternative credit sources, the avowed purpose of the Truth in Lending Act.

Plaintiff additionally contends that the provisions of the note on the disclosure statement portion of the instrument dealing with the acceleration of payment in the event of default is in violation of 12 CFR 226.8(b)(4) which reads:

> The amount, or method of computing the amount, of any default, delinquency, or similar charges payable in the event of late payments (shall be disclosed).

Plaintiff's argument is based on the proposition that no provision for rebate of unearned interest is provided for;[11] and if no rebate is provided for, such forfeited interest is an extra finance charge which must be disclosed in the disclosure statement.

Plaintiff cites cases that hold where state law does require rebate of unearned interest on acceleration and default, failure to disclose acceleration provisions of the security agreement on the disclosure statement is not violative of the same section since the rebate of unearned interest vitiates the default charge nature of such provisions. *See e. g., Johnson v. McCrackin-Sturman Ford, Inc.,* 527 F.2d 257 (3rd Cir. 1975); *Frank v. Reserve Consumer Discount Co.,* 398 F.Supp. 703 (W.D.Pa.1975).

■ Plaintiff correctly distinguishes these cases from the present situation in which it is not clear that a rebate is required. In any event, this court is impressed by the Fifth Circuit's reasoning in its holdings that when acceleration of the debt loan interest is not required to be rebated, such acceleration provisions are not required to be disclosed on a disclosure statement and the failure to do so is not violative of Regulation Z. The court's reasoning is based on the absence of disclosure provisions for acceleration in the Truth in Lending Act and Regulation Z and as such tacitly was not considered to be a default charge by the promulgations of Regulation Z. *See, e. g., Martin v. Commercial Securities Co., Inc.,* 539 F.2d 521 (5th Cir. 1976); *McDaniel v. Fulton National Bank of Atlanta,* 543 F.2d 568 (5th Cir. 1976). This court is particularly impressed with language in the *Martin* case at page 524 which reads:

> In determining whether disclosure of a creditor's right to accelerate the maturity of the debtor's obligation upon default is required by the Truth in Lending Act, we turn to the following pertinent or relevant sources . . . While section 128 of the Act and § 226.8(b) of the regulations enumerate the credit terms to be disclosed and the consumer credit sales not under an open end credit plan, neither section specifically requires disclo-

---

11. Section 34–29–10, et seq., Code of Laws of South Carolina, 1976, provide for no rebate in such cases.

**1128**

sure of the creditor's rights to accelerate payment upon default, nor is there any official board interpretation requiring such disclosure. *It is highly illuminating that there is no reference in the Act, the Regulations, or the Official Interpretations of the Federal Reserve Board to acceleration clauses or the right to accelerate payments, even though they are a common feature of installment notes and are traditional creditors' remedies.* This court concurs in the Fifth Circuit's determination.

■ Defendant also contends that the transaction involved was a refinancing agreement in violation of the requirements of 12 CFR § 226.8(j). There is no evidence in the record tending to establish that the transaction was such a refinancing transaction.

■ Finally, plaintiff asks for attorneys' fees in this action. In the case of any successful action brought to enforce Regulation Z and the Truth in Lending Act, the consumer is entitled to an award of costs and reasonable attorneys' fees. 15 U.S.C.A. § 1640(a)(2) and attorneys' fees shall be awarded to Legal Aid Agencies. *Manning v. Princeton Consumer Discount Co.,* 533 F.2d 102 (3rd Cir. 1976); *Sellers v. Wollman,* 510 F.2d 119 (5th Cir. 1975).

### CONCLUSION

Therefore, it is the order of this court that plaintiff's motion for summary judgment is granted and defendant's motion for the same is denied in that defendant violated the Truth in Lending Act and particularly § 226.8(b)(5) of Regulation Z. The defendant is therefore ordered to pay the plaintiff a penalty of $100.00 plus costs and reasonable attorneys' fees, to be determined by submission of appropriate time records by the plaintiff's attorneys.[12]

AND IT IS SO ORDERED.

12. 15 U.S.C.A. § 1640 provides as follows: (a) Except as otherwise provided in this section, any creditor who fails in connection with any consumer credit transaction to disclose to any person any information required under this part to be disclosed to that person is liable to that person in the amount equal to the sum of

(1) twice the amount of the finance charge in connection with the transaction, except that the liability under this paragraph shall not be less than $100.00 nor greater than $1,000.00 . . . Here the finance charges are $44.01 and as such the $100.00 floor to the penalty is applicable.