Emmett J. Schnepp, J.
In this action for a declaratory judgment and statutory penalties, plaintiffs claim that the disclosure statement furnished to them by the defendant, *644 Beneficial Finance Company, in connection with a loan made to them in June of 1974 failed to comply with the Federal Truth in Lending Act (US Code, tit 15, § 1601 et seq.) and the regulations promulgated thereunder (regulation Z, 12 CFR 226.1 et seq.). By order dated September 29, 1976, Special Term granted plaintiffs’ motion for summary judgment on the first cause of action which alleged that the disclosure statement failed to set forth defendant’s right of acceleration in violation of section 1639 (subd [a], par [7]) of the act and section 226.8 (b) (4) of the regulations, and awarded plaintiffs a penalty of $1,000 together with reasonable counsel fees. It denied their motion for summary judgment on their third cause of action alleging that the disclosures were not made in a meaningful manner in violation of subdivision (a) of section 1631 of the act and section 226.6. (a) of the regulations, and on their fourth cause of action alleging that the defendant’s failures to make requisite disclosures rendered the loan void pursuant to section 358 of the Banking Law.
On appeal by both parties, the Appellate Division, Fourth Department, in Conrad v Beneficial Fin. Co. of N. Y. (57 AD2d 91), unanimously modified the decision of Special Term. The Appellate Division held that plaintiffs were not entitled to summary judgment on their first cause of action and pointed out (p 94) that it was "unnecessary to have further proceedings thereon * * * in view of our determination with respect to plaintiffs’ third cause of action”. The court granted plaintiffs’ motion for summary judgment on the third cause of action holding that required disclosures were not made clearly and conspicuously, or in the meaningful sequence. For this violation of the act, plaintiffs were awarded a statutory penalty of $1,000 together with reasonable counsel fees. The court further stated (p 95) that "multiple failures to disclose would not increase plaintiffs’ recovery (see US Code, tit 15, § 1640, subd [g])”. Moreover, the court concluded that the statutory penalty is not multiplied by the number of obligors in a single consumer credit transaction, and that a creditor failing to disclose required information would be subject to a maximum penalty of $1,000 on any individual transaction. Although the court concluded that section 358 of the Banking Law operates to render this loan void, it affirmed the Special Term’s order denying summary judgment on plaintiffs’ fourth cause of action and dismissed so much of the fourth cause of action as seeks recovery of payments voluntarily made upon the loan. *645 The court maintained, however, that plaintiffs’ claim for payments made under a reservation of rights remains viable.
On January 17, 1977, prior to the argument of the appeal of the order of Special Term, plaintiffs were given leave to serve an amended complaint to allege an additional cause of action claiming that the defendant creditor in its consumer credit agreement failed to identify clearly the property to which its security interest relates (see US Code, tit 15, § 1639, subd [a], par [8]; 12 CFR 226.8 [b] [5]). Plaintiff served the amended complaint on or about May 9, 1977, after the April 7, 1977 decision of the Appellate Division (57 AD2d 91, supra). In its amended complaint, plaintiffs allege the five causes of action previously set forth in their first complaint and assert the new cause of action seeking the same relief. Defendant has interposed an amended answer to the amended complaint and raised new defenses of good faith and unconstitutionality to plaintiffs’ third cause of action, which the Appellate Division has previously passed on. The Appellate Division refused to consider defendant’s contention of unconstitutionality "since the record fails to indicate that it was raised at Special Term” (Conrad v Beneficial Fin. Co. of N. Y., supra, p 95). Plaintiffs’ subsequent motion for permission to appeal to the Court of Appeals was denied by order of the Appellate Division entered May 20, 1977. Pursuant to the Appellate Division decision, plaintiffs obtained a $750 judgment at Special Term for attorneys’ fees on the appeal.
Before this court is a motion by the defendant for an order staying the enforcement of the order and judgment obtained by the plaintiffs herein, and a cross motion by plaintiff for summary judgment on their third, fourth and fifth causes of action in their amended complaint. As pointed out earlier the Appellate Division has already considered the third and fifth causes of action which were alleged in plaintiffs’ previous complaint; the fourth cause of action is the only addition to plaintiffs’ amended complaint.
In its motion to stay the enforcement of the judgment, defendant maintains that plaintiffs’ service of an amended complaint after the entry of the order and decision of the Appellate Division moots that judgment. Defendant claims that the decision of the Appellate Division upon the issues raised by the previous complaint is "merely of academic value and does not now control the disposition of the case”. Further *646 more, defendant requests that this court review its two new defenses to plaintiffs’ third cause of action.
Defendant’s argument is wholly without merit. Whether the Appellate Division’s decision which granted summary judgment on plaintiffs’ third cause of action represents the law of the case or res judicata is immaterial, since it constitutes a final determination of the issue. (See Burgandy Basin Inn v Watkins Glen Grand Prix Corp., 51 AD2d 140; Merchant Suppliers Paper Co. v Groveton Papers Co., 27 AD2d 713.) The service of an amended complaint does not undermine the Appellate Division’s grant of summary judgment on the same cause of action. The earlier decision by the Appellate Division on the same question in the same case cannot be disregarded by this court, and the practice, which amounts to an appeal to Special Term for a review of the determination of the Appellate Division, cannot be approved. Moreover, defendant had ample opportunity to present its defenses of good faith and unconstitutionality in the earlier proceeding. Plaintiffs are entitled to enforce their judgment and accordingly defendant’s motion is denied. Further, this court refuses to rule on questions already determined by the Appellate Division and does not consider plaintiffs’ motion for summary judgment on their third cause of action.
Plaintiffs’ motion for summary judgment on their fifth cause of action is similarly denied. Their fifth cause of action in the amended complaint is identical, except for the amount allegedly paid on the loan, to the fourth cause of action contained in the earlier complaint which was denied summary judgment by the Appellate Division. To grant or even consider these motions would condone a needless repetition of judicial process, and the burdening of the court with unnecessary litigation.
Plaintiffs have also moved for summary judgment on their fourth cause of action which alleges that the defendant in its consumer credit agreement failed to identify clearly the property to which its security interest relates as required by the Truth in Lending Act and the regulations promulgated thereunder (see US Code, tit 15, § 1639, subd [a], par [8]; 12 CFR 226.8 [b] [5]). Defendant’s disclosure statement and security agreement on their face appear to violate the Truth in Lending Act and regulations. In the upper right-hand corner of Beneficial’s disclosure statement, a box is checked stating that the security interest for the loan consists of "Furniture”. *647 Beneath that area appears the following statement: "[i]f the box alongside the word 'Furniture’ is checked, the Security Agreement covers all of the consumer goods of every kind then owned by the Borrowers and located at the Borrowers’ place of residence set forth hereon.” The regulation requires "a clear identification of the property to which the security interest relates”. "Clear identification” should provide enough information to preclude any reasonable questions regarding the goods to which the security interest attaches. The document’s language and form create confusion and make it nearly impossible to determine what goods are covered by the security interest. "Furniture, household contents, and consumer goods of every kind are hardly synonymous”. (Woods v Beneficial Fin. Co. of Eugene, 395 F Supp 9, 14; and, see, Sneed v Beneficial Fin. Co. of Hawaii, 410 F Supp 1135, 1144.) Defendant has failed to provide a clear identification of the property.
"Schedule A” of Beneficial’s security agreement grants to the defendant a security interest in "[a]ll of the consumer goods of every kind now owned or hereafter acquired by Debtors in replacement of said consumer goods and now owned or hereafter located in or about the place of residence of the Debtors at the address shown above.” This clause which describes the scope of Beneficial’s security interest is inconsistent with the language found in the disclosure statement. The security agreement claims an interest in goods "now owned or hereafter acquired”, while the disclosure statement declares an interest only in goods "then owned by Borrowers”. The inconsistency is confusing, and is more evidence of the defendant’s failure to identify clearly the goods covered by the security interest. Furthermore, Beneficial’s "replacement” language in the security agreement is "superfluous” and "might mislead a consumer into believing Beneficial retained an interest in something purchased to replace a worn out consumer good”. (Woods v Beneficial Fin. Co., supra, p 14; and, see, Kenny v Landis Fin. Group, 349 F Supp 939.)
Also, the security agreement claims an interest beyond the scope permitted by subdivision (4) of section 9-204 of the Uniform Commercial Code, which provides, where relevant, as follows: "No security interest attaches under an after-acquired property clause * * * (b) to consumer goods * * * when given as additional security unless the debtor acquires rights in them within ten days after the secured party gives value.” *648 The words "now owned or hereafter acquired” of the security agreement clearly fail to allow for the 10-day limitation of section 9-204 (subd [4], par [b]). A reading of defendant’s form would lead consumers to conclude erroneously that defendant’s security interest extends to all goods located in or about their residence while the loan agreement is in effect, even though New York law precludes such a security interest. In short, the description obscures what should be made clear. (See Tinsman v Moline Beneficial Fin. Co., 531 F2d 815; and Woods v Beneficial Fin. Co., supra.)
Since the description of the type of security interest and the identification of the secured property are misleading, and the after-acquired property interests are not "clearly set forth”, the description of the security interest violates section 226.8 (b) (5) of regulation Z and the Truth in Lending Act. Plaintiffs’ motion is granted.
However, the granting of summary judgment to plaintiffs on their new cause of action is limited to declaratory judgment relief. The Appellate Division has held that "multiple failures to disclose would not increase plaintiffs’ recovery”. (Conrad v Beneficial Fin. Co. of N. Y., supra, p 95.) Plaintiffs are not entitled to more than one penalty for repeated violations of the Truth in Lending Act in the same transaction.