OPINION OF THE COURT
 

 Gabrielli, J.
 

 In a case of first impression we are called upon to determine the effect of an alleged violation of the Truth in Lending Act (US Code, tit 15, § 1601
 
 et seq.)
 
 upon a loan made by Public Loan Company, Inc., to defendants. Plaintiff is a loan company licensed under article 9 of the Banking Law (§ 340
 
 et seq.).
 
 On November 6, 1972 defendants executed a promissory note wherein they promised to pay to Public Loan the sum of $1,629.60 in 36 monthly installments of $54.60, in consideration of the sum of $1,196.58 actually borrowed plus $433.02 of finance charges and an additional sum for credit life and disability insurance, all at 20.82% annual rate of interest. At the time the loan was made, plaintiff provided defendants with a copy of a loan disclosure statement as mandated by the Federal Truth in Lending Act and section 353 of the Banking
 
 *185
 
 Law. The disclosure statement described the security interest as covering defendants’ automobile and "All of the household consumer goods of every kind now owned
 
 or hereafter acquired
 
 by Debtors in replacement of said consumer goods (and proceeds) now or hereafter located in or about Debtors residence above set forth” (emphasis added).
 

 In early 1976, plaintiff brought this action based on default in payment, seeking payment of the sum of $1,163.70 by means of a motion for summary judgment in lieu of complaint (CPLR 3213); and defendants opposed the motion, interposing three affirmative defenses and two counterclaims based on allegations that the disclosure statement violated the Truth in Lending Act in several respects and, also that Public Loan’s security interest was improperly made in light of subdivision (2) of section 9-204 of the Uniform Commercial Code.
 

 The Appellate Division in modifying the order of Special Term granting plaintiff summary judgment (89 Misc 2d 226), on the law, granted summary judgment to defendants on their second counterclaim based on the violation of the Truth in Lending Act, in the amount of twice the finance charge, amounting to $866.04 and denied summary judgment to plaintiff. The first counterclaim based upon the violation of section 353 of the Banking Law was not allowed.
 

 We hold as a matter of law that the Truth in Lending Act was violated and thus affirm the order of the Appellate Division.
 

 In doing so, we first address plaintiff’s claim that the second counterclaim was time barred. The Truth in Lending Act (US Code, tit 15, § 1640, subd [e]) provides that such an action against a lender is to be commenced "within one year from the date of the date of the occurrence of the violation”. We hold that the interposition of this counterclaim was not time barred. Here, this particular counterclaim arose out of the transaction sued upon and thus is not untimely (CPLR 203, subd [c]).
 

 We now address the merits of defendants’ counterclaim based on the Truth in Lending Act. The loan, as is described in the disclosure statement, provided that plaintiff had a security interest in all "household consumer goods of every kind now owned or hereafter acquired”. This security interest is in direct conflict with the provisions of subdivision (2) of section 9-204 of the Uniform Commercial Code which, in no uncertain terms, limits the security interest a creditor may
 
 *186
 
 take in consumer goods to those acquired within 10 days after the creditor gives value. While we have not had occasion to pass upon this question, we have no doubt as to the invalidity of this disclosure statement. The language of both the statement and the statute, together with Regulation Z adopted pursuant thereto, leave no room for disagreement. Regulation Z (12 CFR 226.8 [b] [5]) adopted pursuant to the provisions of the Truth in Lending Act
 
 (Tinsman v Moline Beneficial Fin. Co., 531
 
 F2d 815) also requires "a clear identification of the property to which the security interest relates”; and a violation of the regulation or act has been interpreted by the Federal Reserve Board to mean that a creditor may not represent that it has an interest in all after-acquired property of the debtor without violating Regulation Z. This official interpretation given
 
 to the
 
 act and the regulation by the agency responsible for its interpretation and enforcement should be upheld unless it is completely irrational
 
 (Matter of Howard v Wyman,
 
 28 NY2d 434); and such an interpretation is certainly rational in every respect. We note also that in interpreting this Federal statute, the Federal courts have consistently held that security interests in after-acquired property without limitation of time violate the requirements of the act and the regulation
 
 (Pollock v General Fin. Corp.,
 
 535 F2d 295, 299, mot for reh den 552 F2d 1142, cert den 434 US 891;
 
 Tinsman v Moline Beneficial Fin. Co.,
 
 531 F2d 815, 818,
 
 supra;
 
 see, also,
 
 Ives v Grant Co.,
 
 522 F2d 749, 761;
 
 Jones v Allied Loans,
 
 447 F Supp 1121, 1125-1127;
 
 Bartlett v Commercial Fed. Sav. & Loan Assoc.,
 
 433 F Supp 284, 286-297). Furthermore, a number of State courts have also held there to be a violation when the security interest has been overstated when the after-acquired property interest is without time limitation (see, e.g.,
 
 Conrad v Beneficial Fin. Co. of N. Y.,
 
 91 Misc 2d 643, 647-648;
 
 Garza v Allied Fin. Co.,
 
 566 SW2d 57, 63-65 [Tex];
 
 Aronson Furniture Co. v Johnson,
 
 47 Ill App 3d 648;
 
 Lowery v Finance Amer. Corp.,
 
 32 NC App 174, 183-184). The act is designed to prevent "unscrupulous and predatory creditor practices” is remedial in nature, and must be liberally construed to effectuate the legislative intent
 
 (Freed Co. v Board of Governors of Fed. Reserve System,
 
 473 F2d 1210, 1214, cert den 414 US 827); and it reflects a transition in policy from a philosophy of let-the-buyer-beware to one of let-the-seller-disclose (see
 
 Mourning v Family Pub. Serv.,
 
 411 US 356, 377).
 

 The effect of these determinations and our holding today is
 
 *187
 
 that, because Public Loan did not properly and clearly set forth the security interest and, indeed, because it was unlawfully overstated and overbroad, such an act constitutes an affirmative misstatement of the lender’s security interest, Public Loan is liable to the defendants in an amount of twice the finance charge imposed, pursuant to the US Code (tit 15, § 1640, subd [a]).
 

 As to the first counterclaim interposed by defendants, we agree with the Appellate Division reasoning that, upon the facts in this case, affirmative relief under section 353 of the Banking Law may not be granted.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs to defendants.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Fuchsberg concur with Judge Gabrielli.
 

 Order affirmed.