In the Matter of SUPREME SYNTHET-
IC DYERS, INC., Bankrupt.

Bankruptcy No. 75 B 558.

United States Bankruptcy Court,
E. D. New York.

March 6, 1980.

Hauptman & Hauptman, Brooklyn, N. Y.,
by S. A. Hauptman, Brooklyn, N. Y., for
trustee.

Bertram Goldstein, New York City, for
Walter E. Heller & Company, Inc.

## DECISION AND ORDER ON TRUSTEE'S MOTION TO RECLASSIFY CLAIM #78 FILED BY WALTER E. HELLER & CO.

JOSEPH V. COSTA, Bankruptcy Judge.

On March 17, 1975, Supreme Synthetic
Dyers, Inc. (Supreme) was adjudicated a
bankrupt. The first meeting of creditors
was held on April 7, 1975. The last date to
file claims was six months from that date.
On July 30, 1975, Walter E. Heller & Com-
pany, Inc. (Heller) filed a proof of claim in
the sum of $37,206.39, claiming lien priority
status.

On December 5, 1978, the trustee by a
petition and notice of motion moved to re-
classify Heller's claim from a lien creditor
to a general unsecured creditor. It is
agreed that after getting its judgment Hel-
ler delivered the same to the Sheriff for
execution but that other than the Sheriff
giving notice to the judgment debtor
(Bankrupt) he did not take nor have posses-
sion of the debtor's property when the
Bankruptcy Petition was filed.

The Trustee's contentions on his motion
to reclassify, are: (1) that under Sec.
67(a)(1) of the Bankruptcy Act, Heller is
not entitled to a priority status on its claim
since Supreme was insolvent at the time of
the alleged perfection of its judgment; (2)
that neither the judgment creditor nor the
Sheriff took into their respective posses-
sions the machinery and equipment upon
which the purported levy was made; (3)
that all said machinery and equipment was
highly encumbered in excess of the net pro-
ceeds of the sale of machinery and equip-
ment directed by this court so that there is
no equity against which this judgment cred-
itor's claim might conceivably attach.

Heller, at the outset, took the position
that the Trustee's procedure was improper
and should be dismissed in that the Trustee
should have proceeded by an Adversary
Proceeding under 701 et seq. of the Bank-
ruptcy Rules. It then waived that objec-
tion and agreed that the court should pro-
ceed as though an Adversary Proceeding
had been commenced based on the allega-
tion of the Trustee's petition. Heller fur-
ther agreed not to contest the Trustee's
contention of the non-priority status of Hel-
ler's claim as in violation of § 67 of the
Bankruptcy Act and to rely solely on the
contention of a statutory bar of the Trus-
tee's claim.

It is the contention of Heller that the
Trustee is barred from proceeding in this

manner by § 11e of the Bankruptcy Act which provides that:

> A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy. Where, by any agreement, a period of limitation is fixed for instituting a suit or proceeding upon any claim, or for presenting or filing any claim, proof of claim . . . or pleading, or doing any act, and where in any such case such period had not expired at the date of the filing of the petition in bankruptcy, the receiver or trustee of the bankrupt may, for the benefit of the estate, take any such action or do any such act, required of or permitted to the bankrupt, within a period of sixty days subsequent to the date of adjudication or within such further period as may be permitted by the agreement, or in the proceeding or by applicable Federal or State law, as the case may be.

The United States Supreme Court has held that this section bars a trustee from commencing an action to set aside and recover a preferential transfer, pursuant to § 60 of the Bankruptcy Act, more than two years after the date of adjudication in bankruptcy. *Herget v. Central National Bank & Trust Co.*, 324 U.S. 4, 65 S.Ct. 505, 89 L.Ed. 656 (1945). Similarly, this Circuit held that a Trustee was barred after two years from the date of adjudication from initiating an action under § 70c of the Act. *Feldman v. First National City Bank*, 511 F.2d 460 (2d Cir., 1975). Both the *Herget* and *Feldman* cases supra, are to be differentiated from the case at bar. In those cases the Trustee sought affirmative judgments and if successful would have been entitled to turnover of property or its value. In the case sub-judice the Trustee in essence is performing a statutory responsibility and actually a defensive action for the benefit of creditors prior to distribution. It could be termed a housekeeping function. He merely seeks to reclassify the claim based on several alternative grounds including § 67a of the Bankruptcy Act.

Heller has not cited a case in point and the dictum in *Feldman*, supra, has not been thereafter declared as prescribed by any court in this Circuit. To the contrary, and more to the point, in the recent Seventh Circuit case, *In re Meredosia Harbor & Fleeting Service, Inc.*, 545 F.2d 583 (1976), *cert. denied, Farmers and Traders State Bank of Meredosia v. Magill*, 430 U.S. 967, 97 S.Ct. 1649, 52 L.Ed.2d 359 (1977), the Court refused to apply § 11e where the Trustee voided a mortgage as a preference under § 60a(1) stating that "[s]ection 11(e) is not applicable here where the trustee filed no suit on behalf of the debtor. Rather the lienholders asserted their claims against the trustee. As the bankruptcy referee observed, Section 11(e) 'does not come into play when [the trustee] defends money in his hands from creditors whose claims would be preferential if successful.' The trustee's defense was in the nature of recoupment and therefore not barred by Section 11(e)." *See also, Public Loan Co., Inc. v. Hyde*, 47 N.Y.2d 182, 417 N.Y.S.2d 238, 390 N.E.2d 1162 (1979).

Similarly, in this case, the Trustee is only responding to the lien status priority which was asserted by the creditor in his proof of claim. The equitable doctrine of recoupment applies as long as the defense arises out of some feature of the transaction upon which the plaintiff's claim is grounded, strictly for the purpose of abatement or reduction of such claim. *Bull v. United States*, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935); *In re Meredosia, supra. Collier on Bankruptcy* § 68.03 (14th ed. 1978). "Recoupment refers to the diminishment of a claim by matters decreasing it in relation to the same transaction." *2 Cowans Bankruptcy Law & Practice*, § 501, at 121 (2d ed. 1978). "Such a defense is never barred by the statute of limitations as long as the main action is timely." *Bull, supra* at 262, 55 S.Ct. at 700–701; *See also, 3 Moores Federal Practice* § 1310 (2d ed. 1979).

Since the Trustee's defensive assertion is based upon an attack on the acquisition of a lien, the validity of which is the basis of the creditor's claim for lien status priority, it is clear that the Trustee's defense meets the requirement of arising out of some feature of the same transaction upon which the creditor's claim is grounded. The second element of recoupment, which limits the relief to the reduction or diminishment of the claim, as opposed to the seeking of affirmative relief, is clearly present, as the Trustee seeks only to reclassify the claim.

Heller cites the case of *Wells v. Place*, 92 F.Supp. 477 (N.D.Ohio, 1950) in support of its position. However, the issue in *Wells* dealt with the time at which the statute of limitations began to run on *an action to recover a fraudulent transfer* with no discussion of the applicability of the § 11e limitation to § 67, the parties apparently assumed it applied. (Emphasis supplied)

in the context of the applicability of § 11e to a case where the Trustee is responding to a claim, the court is in accord with the reasoning and conclusion reached in *In re Cushman Bakery*, 526 F.2d 23 (1st Cir., 1975) *cert. denied, Agger v. Seaboard Allied Milling Corp.*, 425 U.S. 937, 96 S.Ct. 1670, 48 L.Ed.2d 178 (1976) where it was held that § 11e does not apply to a Trustee's objection to the allowance of a claim, based on § 57g of the Bankruptcy Act, although the Trustee was precluded from affirmatively recovering the amount of any voidable preference. Although the court did not base its decision on the doctrine of recoupment, its reasoning is quite worthy of note.

To decide whether § 11e should be applicable, we consider the scheme of the Act as a whole and the nature and objectives of § 57's allowance process. The scheme of the Bankruptcy Act seems to us to support appellant's contention that § 11e is inapplicable to an objection to the allowance of a creditor's claim under § 57. Under § 11e the statute of limitations begins to run on the 'date of adjudication'. As regards the allowance process, however, the date of adjudication has no significance whatsoever, and to treat a trustee's objection as barred if not made within two years would in some circumstances be anomalous. Under § 57n, a creditor must file his claims within six months after the first date set for the first creditor's meeting—which § 55, 11 U.S.C. § 91, provides must be held not less than ten nor more than thirty days after the date of adjudication. Thus it is possible that a creditor might not file his claim until seven months after the date of adjudication. It would, at least, be incongruous to have a two year statute of limitations begin to run before the trustee had any cause to file objections. More importantly, there are circumstances in which a creditor may file his claim more than two years after the date of adjudication. Section 57n permits creditors, whose claims were not filed within six months of the date of the first creditor's meeting, to file claims against any surplus remaining after all duly filed claims have been allowed and paid in full. To hold § 11e applicable to § 57 objections could absolutely preclude some trustees from objecting to the allowance of a claim against a surplus. Holding § 11e applicable, without more, would be inconsistent with the scheme of the Act.

[T]he allowance process historically has been characterized by flexibility and has been free of burdensome technical rules. See 3 Collier, supra, § 57.17[1]. This flexibility has continued to characterize the process through each of the revisions of the Bankruptcy Act. *See id.* § 57.17, § 57.18. This flexibility is exemplified by § 2a(2) and § 57k, which empower the bankruptcy court, upon petition of the trustee, to reconsider allowed or disallowed claims and allow them or disallow them at any time before the estate has been closed. Although these provisions do not clearly suggest that § 11e is inapplicable to trustee objections to the allowance of a claim, they do suggest that the primary objective of the allowance process is to ensure that the ultimate distribution of the bankrupt estate comports with the requirements of the Bankruptcy Act. Since a strict time limitation upon the

filing of objections would be inconsistent with the attainment of that goal, these sections support the conclusion that § 11e should not operate as a bar to the consideration of the trustee's objection to the allowance of a claim. *Id.*, at 35–36.

The reasoning of the *Cushman* case and the existence and clear applicability of the doctrine of recoupment, as set out in *Meredosia*, to the facts of this case, can lead to no other conclusion but that § 11e of the Bankruptcy Act should not bar the Trustee from attempting to reclassify the claim of Walter E. Heller & Co., Inc.

Upon the agreement of the attorneys for the respective parties that the decision of the court on the issue of the applicability of § 11e of the Bankruptcy Act shall be dispositive of all of the issues involved, the application of the Trustee is granted and the claim of Walter E. Heller & Co., Inc. is reclassified as a general unsecured claim.

THIS IS AN ORDER.