21482

US LIFE CREDIT CORPORATION, Respondent, v.
Lois P. JAMES, Appellant.

(279 S. E. (2d) 367)

*Anne McClain Johnson,* Columbia, *for appellant.*

*Carroll Cobb,* Columbia, *for respondent.*

June 8, 1981.

LITTLEJOHN, Justice:

This claim and delivery action arises out of a consumer loan transaction between plaintiff US LIFE Credit Corporation (Creditor) and defendant Lois P. James (Debtor). The issue is whether the Creditor complied with the Federal Truth in Lending Act by adequately disclosing the nature of its security interest in Debtor's goods.

The Creditor made the loan to the Debtor, a repeat customer, in 1974; in return, Debtor signed a promissory note and a security agreement whereby she gave Creditor a security interest in approximately twenty listed household articles and appliances (presumably the identical goods being financed) as well as "all accessions to, *substitutions for, replacements of* and proceeds from the described collateral." (emphasis added.) Debtor subsequently defaulted on the note (uncontested), and Creditor commenced this suit in 1979 to enforce its security interest. Debtor answered and raised by counterclaim, or alternatively by recoupment, that Creditor had violated 15 U. S. C. A. § 1601 of the Truth

in Lending Act and 12 C. F. R. § 226.8(b)(5) of the accompanying federal regulations.

In 1968, Congress enacted the Federal Truth in ■ Lending Act

". . . to assure a meaningful disclosure of credit terms so that a consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U. S. C. A. § 1601

The Federal Reserve Board, pursuant to congressional power, promulgated regulations governing enforcement of the Act. 12 Code of Federal Regulations §§ 226.1, *et seq.* (commonly referred to as "Regulation Z"). These regulations, called for by the Federal Truth in Lending statute itself, have the force and effect of law. *Batterton v. Francis,* 432 U. S. 416, 97 S. Ct. 2399, 53 L. Ed. (2d) 448 (1977); *United States v. Mersky,* 361 U. S. 431, 80 S. Ct. 459, 4 L. Ed. (2d) 423 (1960). A creditor who fails to disclose information as required by the Truth in Lending Act and regulations is liable to the debtor for civil damages in the amount of twice the finance charge, but not less than $100 nor greater than $1,000. 15 U. S. C. A. § 1640(a).

12 Code of Federal Regulations § 226.8(b)(5) ■ provides that the creditor must disclose, in part, the following:

"(5) A description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit and a clear identification of the property to which the security interest relates . . . [; further, that if] after-acquired property will be subject to the security interest . . . this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held; . . ."[1]

---

[1] 12 Code of Federal Regulations § 226.1 et seq. applies only to consumer credit transactions involving non-open-end credit plans. 12 Code of Federal Regulations § 226.8(a). A non-open-end credit plan is involved here.

To determine whether the description of the security interest held is sufficient, one must initially look to the nature and extent of security interests allowed under the state law. *Jones v. Allied Loans, Inc.,* 447 F. Supp. 1121 (D. C. S. C. 1977). Under § 36-9-204(4) *Code of Laws of South Carolina* (1976), the following limitation is placed on an after-acquired security interest in consumer goods:

"(4) No security interest attaches under an after-acquired property clause . . .

(b) to consumer goods other than accessions (§ 36-9-314) when given as additional security *unless the debtor acquires rights in them within ten days after the secured party gives value."* (Emphasis added.)

Debtor contends that a security interest in "substitutions" and "replacements" covers after-acquired property, and that Creditor failed to adequately describe this security interest by omitting disclosure of the ten-day limitation under § 36-204(4)(b).

The trial judge ruled that the one-year statute of ▮ limitations under the Truth in Lending Act, 15 U. S. C. A. § 1640(a), barred Debtor from pleading this alleged violation by answer almost five years later. We disagree. In *Tuloka Affiliates v. Moore,* S. C., 268 S. E. (2d) 293 (1980) filed approximately one month after the order in this action), we held that a debtor can allege these violations as an affirmative defense by recoupment even after the one-year limitation period for bringing an action under the Truth in Lending Act has lapsed.

The trial judge further found that Creditor had ▮ clearly disclosed the nature of its security interest in compliance with the Truth in Lending Act. We agree. Debtor would have us interpret the security agreement as giving Creditor a security interest in Debtor's after-acquired property and cites, in her support, *Tinsman v. Moline Beneficial Finance Co.,* 531 F. (2d) 815 (7th Cir.

1976), and *Johnson v. Safeway Finance Corp. of S. C.*, No. 78-284 D. C. S. C. July 27, 1979). Those decisions are not binding on us. Moreover, unlike those cases, there is no indication here that Creditor ever intended to secure an additional security interest in personal property which Debtor might have acquired after the loan transaction. Debtor herself never made this claim, much less any claim that she had been misled or had suffered any damages.

We interpret "substitutions" and "replacements" not to be an additional interest in after-acquired property but instead an attempt to cover those instances where the debtor disposes of the secured goods. This situation is controlled not by § 36-9-204, but by § 36-9-306:

" 'Proceeds'; secured party's rights on disposition of collateral.

. . .

(2) . . . a security interest continues in collateral notwithstanding sale, *exchange or other disposition* thereof by the debtor unless his action was authorized by the secured party . . ., and also continues in any identifiable proceeds . . . received by the debtor." (Emphasis added.)

The Creditor in the present case merely sought the protection afforded by this statute.

Having found that no after-acquired security interest is involved, the argument that the accompanying ten-day limitation of § 36-9-204 must be disclosed need not be addressed, and the alleged violations of the Truth in Lending Act are dismissed.

The result reached by the trial court is affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.