**Patsy FRANK, Jr., Plaintiff,**
v.
**RESERVE CONSUMER DISCOUNT COMPANY, Defendant.**
Civ. A. No. 75–294.

United States District Court,
W. D. Pennsylvania.
Aug. 29, 1975.

Richard A. Faltenovich, Neighborhood Legal Services Association, Aliquippa, Pa., for plaintiff.

Gordon F. Harrington, Washington, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge.

This is a Truth in Lending case which involved the credit sale of an automobile financed through the defendant Reserve Consumer Discount Company. The claim is based on alleged violations by the defendant of several disclosure provisions of the Act, 15 U.S.C.A. § 1601 et seq. and Regulation Z, 12 C.F.R., § 226.1 et seq. Each party has submitted a Motion for Summary Judgment. The Court has afforded the parties a full and complete opportunity for the presentment of any and all testimony, oral or of a documentary nature, which might be desired; however, the parties have rested their case on their stipulation of facts not in dispute.

Plaintiff and defendant entered into a consumer credit transaction evidenced by a written instrument. The credit agreement and disclosure statement in question is very clear in all respects. It reflects most clearly the date and amount of the loan, the dates of the first and final payment, total number of payments, amount of each payment, the amount financed, the discounted service charge, the amount of the finance charge, the life insurance premium, and disability insurance premium. Moreover, the annual percentage rate and finance charge are of a darker print and enclosed in darker blocks so as to distinguish these terms from the others contained in the agreement.

■ "Disclosure" under the Act is a term of art which refers to the manner in which a creditor must convey certain information to a consumer. Consequently, the requirements of disclosure under the Act do not apply to all information that a creditor might furnish to a customer, but only to that information the Act requires to be "disclosed" to a customer. This required information, in a credit sale transaction, is set forth in § 106 of the Act, 15 U.S.C. § 1605 and in § 128, 15 U.S.C. § 1638.

■ In Regulation Z, the pertinent regulations for a credit sale are set forth in 12 C.F.R., §§ 226.4, 226.6, and 226.8. Other sources of law and interpretations of the Act and Regulation Z appear in Federal Reserve Board Interpretations of Regulation Z, 12 C.F.R., § 226.101 et seq. and in Federal Reserve Board Staff Opinions and Model Forms. These latter authorities, including Reg-

ulation Z, although not absolute and binding on a Court are entitled to great weight and deference in construing the requirements in the Truth in Lending Act. *Philbeck v. Timmers Chevrolet, Inc.,* 499 F.2d 971 (5th Cir. 1974).

The insurance provisions on the face of the contract state that the cost of credit life insurance if selected would be $8.20 and that the disability insurance premium if selected would be $23.41 for the full term of the credit sale which plaintiff elected to purchase. The credit life insurance premium and disability insurance premium were accordingly itemized as a charge and properly included in the "amount financed" on the face of the contract in accordance with Regulation Z, § 226.8(c)(4), 12 C.F.R., § 226.8(c)(4). The insurance disclosure provisions of the contract comply with the exemption provided by § 106(b) of the Truth in Lending Act, 15 U.S.C. § 1605(b), and with the corresponding provision and Regulation Z, § 226.4(a)(5), 12 C.F.R. § 226.4(a)(5). Thus, the credit life insurance provisions and disability insurance provisions of the contract comply with the Act and Regulation Z.

In the case of *Johnson v. McCrackin Sturman Ford, Inc.,* 381 F.Supp. 153 (W.D.Pa.1974) on appeal, an associate member of the Court in a similar case held that a mere right to accelerate payments upon default constitutes a charge in the event of late payment within the meaning of Regulation Z, § 226.8(b)(4), 12 C.F.R., § 226.8(b)(4) and therefore must be disclosed on the face of the contract.

■ However, prior to the instant business relation a Federal Reserve Board Staff opinion clarified the position of the Board regarding the applicability of § 226.8(b)(4), 12 C.F.R., § 226.8(b)(4) to the mere existence of an acceleration provision in the contract. Said opinion provided that a right of a creditor to accelerate payments upon

default is a contractual remedy and not a default, delinquency or similar charge payable in the event of late payment within the meaning of Regulation Z, § 226.8(b)(4), 12 C.F.R., § 226.8(b)(4). Since the unearned portion of the finance charge would be rebated to the debtor or credited to the obligation, as required by law, there would be no additional amount to be paid by the debtor by reason of acceleration on the facts of this case. Hence, Regulation Z, § 226.8(b)(4) is inapplicable to the right of acceleration for want of a "charge" to disclose.

■ Plaintiff's contention that the confession of judgment clause in defendant's disclosure statement is in violation of Regulation Z is without merit. The law is quite clear that a person cannot procure a lien on personal property of another without prior notice and separate legal proceeding.

■ Regulation Z, § 226.8(b)(2), § 226.5(b) and § 226.6(a) require the term finance charge and annual percentage rate to be printed in a more conspicuous manner than other charges required to be disclosed by the Act. It is the considered opinion of the Court that the disclosure of these terms by the defendant whereby said terms were of a darker print as well as enclosed in a darker square than the other terms in the contract, clearly satisfies the conspicuity requirements of the Act.

The defendant has not violated any of the disclosure provisions in the Truth in Lending Act and Regulation Z in connection with finance credit granted to the plaintiff in the instant transaction. Simply stated, all disclosures required by the Act and Regulation Z were properly made to the plaintiff in the credit agreement and disclosure statement.

In view of the fact that plaintiff has not prevailed no basis exists to award plaintiff attorney fees and costs.

Findings of fact and conclusions of law have not been separately stated but

are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.