[No. 1625-3.   Division Three.   January 20, 1977.]

GAC FINANCE CORPORATION OF SPOKANE, *Respondent*, v. TOM W. BURGESS, *Defendant*, KATHY BURGESS, *Appellant.*

*Jerry T. Dyreson* and *Hannah Callaghan,* for appellant.

*Raymond R. Tanksley, Jr.,* and *Tanksley, Richard, Padden & Derr,* for respondent.

MUNSON, C.J.—GAC Finance Corporation of Spokane (GAC) brought an action to recover the full amount of a promissory note executed by the Burgesses and to foreclose on the security agreement accompanying the note. The

Burgesses answered and counterclaimed, alleging a violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (1974) (Act) and Federal Regulation Z, 12 C.F.R. § 226 (1976) (Regulation). The trial court held that the defendants owed the full amount of the plaintiff's claim and ruled against the defendants' counterclaim. Defendant Kathy Burgess appeals the trial court's decision. Clearly, the defendants had received money as a loan, and the note had not been paid. The only issues on appeal relate to the appellant's compliance with the aforementioned Act and Regulation. The disclosure form in issue, which is no longer used because GAC has been acquired by another company, is the following:

LENDER G A C FINANCE        FEDERAL DISCLOSURE STATEMENT

PLAINTIFF'S EXHIBIT 4

GAC FINANCE CORPORATION    N 3803 DIV. SPOKANE, WASH.

NO. AND STREET      CITY

| ACCOUNT NO | DUE | OLD ACCOUNT NO | RELING-ENT CHARGE | | | | LOAN DATE | |
|---|---|---|---|---|---|---|---|---|
| 32037-4 | 28 | | .53 | | | | 3-28-73 | |
| FIRST NAME | INITIAL | LAST NAME | SPOUSE | INTEREST CHARGES | FINANCE CHARGE | OFFICIAL FEES | TOTAL OF PAYMENTS | |
| TOM W BURGESS | | | KATHY | $ 173.29 | | $ 3.00 | $ 600.00 | |
| STREET AND NUMBER | | | | CREDIT LIFE | | HMG FILE | AMOUNT FINANCED (CASH ADVANCED) | |
| 534 E COLUMBIA | | | | NONE | $ 5.33 | NONE | $ NONE | $ 426.71 |
| CITY STATE ZIP CODE | | APR | | NOTE IS PAYABLE IN MONTHLY PAYMENTS THE FIRST ONE | | FIRST PAYMENT DUE | FINAL PAYMENT DUE | |
| SPOKANE WASH | 99207 | 33.76 % | | X$ 24.00 AND 24 | X$ 24.00 | 4-28-73 | 4-28-75 | |

EACH EXCEPT FINAL PAYMENT SHALL BE UNPAID BALANCE OF NOTE PLUS ANY UNPAID CHARGES   RATE

**ANNUAL PERCENTAGE RATE**

This loan is secured by:

[X] A Security Agreement on all of the Household Goods belonging to the borrowers located at their address shown above. After-acquired Household Goods will be subject to the Security Agreement granted the Lender.

[X] A Security Agreement on the following described motor vehicle

Make_____ Serial No. _____

In the event of prepayment in full prior to maturity, a refund of a portion of the interest will be made according to the Rule of 78ths First installment is due on date shown above and each succeeding installment is due on the same date in each succeeding month except when such due date is a Saturday, Sunday or holiday the due date in that month shall be the next succeeding business day.

Borrower acknowledges that prior to the consummation of this loan, he has received a copy of this statement which hereby informs him that any Credit Life insurance written in connection with this loan is not required by the Lender and is optional with the borrower. Where insurance against loss of or damage to property is written in connection with this loan, the cost of such insurance is shown above and may be obtained by borrower through any person of his choice.

In the event an installment or any part thereof is delinquent for a period of 7 days or more, a unit charge not exceeding an amount equal to the portion of the precomputed charge applicable to the final installment period will be made.

Default in payment of any installment shall, at the option of the holder hereof and without notice or demand render the entire sum remaining unpaid at once due and payable, provided, however, that in such event the contract balance shall be reduced by the refund or credit of precomputed charges which would be required for payment in full on the date of such acceleration if two or more full installments are in default for one full month or more at any installment date, the payee may reduce the contract balance by the rebate which would be required for prepayment in full on such installment date Thereafter, charges may be received at the agreed rate computed on actual unpaid balances of the contract for the time outstanding until the contract is fully paid. Charges so collected shall be in lieu of any deferment or default charges which otherwise would accrue on the contract after such installment date.

X ___*Tommy W. Burges*___
          Borrower's Signature

Voluntary Insurance Requisition:

In connection with my request for a loan from your company, I hereby elect to have the Lender obtain Credit Life insurance coverage for which a charge is shown above as additional security for this loan. The cost of such insurance was disclosed to me in advance of my signing this request.

X _____      X ___*Tommy W. Burgess*___ 3-28-75
    Witness                Borrower's Signature     Date

INSTRUCTIONS: Retain this copy in Customer's Loan Jacket.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

The purpose of the Act and the Regulation is to convey information to potential debtors in a manner that

allows such potential debtors to make intelligent, informed decisions as to the cost of available credit. 12 C.F.R. § 226.1 (a) (2) (1976); *Mourning v. Family Publications Serv., Inc.*, 411 U.S. 356, 36 L. Ed. 2d 318, 93 S. Ct. 1652 (1973); *Philbeck v. Timmers Chevrolet, Inc.*, 499 F.2d 971 (5th Cir. 1974); *Power v. Sims & Levin Realtors*, 396 F. Supp. 12 (E.D. Va. 1975). In order to better effectuate this purpose, the courts have held that the Act and the Regulation are to be liberally construed and the requirements contained therein are to be strictly enforced. *Eby v. Reb Realty, Inc.*, 495 F.2d 646 (9th Cir. 1974); *N.C. Freed Co. v. Board of Governors of the Fed. Reserve Sys.*, 473 F.2d 1210 (2d Cir.), *cert. denied*, 414 U.S. 827, 38 L. Ed. 2d 61, 94 S. Ct. 48 (1973); *Gardner & North Roofing & Siding Corp. v. Board of Governors of the Fed. Reserve Sys.*, 464 F.2d 838 (D.C. Cir. 1972).

Generally, appellant contends that respondent's federal disclosure statement does not comply with the Act nor with the Regulation. More specifically, appellant contends that the information disclosed in the federal disclosure statement is not clear, conspicuous, nor in any meaningful sequence. We agree this particular form has some sequential deficiencies which shall be discussed seriatim, but we find respondent has substantially complied with the Act and Regulation.

The Act requires that:

> (a) Each creditor shall disclose clearly and conspicuously, in accordance with the regulations of the Board, to each person to whom consumer credit is extended and upon whom a finance charge is or may be imposed, the information required under this part.

15 U.S.C. § 1631 (a) (1974). The Regulation additionally requires that the information be disclosed in a "meaningful sequence." 12 C.F.R. § 226.6 (a) (1976).

Neither the Act nor the Regulation provide further guidance as to what is meant by a clear and conspicuous disclosure of the required information. Although the appellant cites several instances in which the courts have held that

the disclosure statement was not clear and conspicuous, *Meyers v. Clearview Dodge Sales, Inc.*, 384 F. Supp. 722 (E.D. La. 1974); *McDonald v. Savoy*, 501 S.W.2d 400 (Tex. Civ. App. 1973); Mirabel v. GMAC (N.D. Ill. 1974) summarized at 5 CCH Consumer Credit Guide ¶ 98,724, the disclosure statements utilized there are clearly distinguishable from the disclosure statement under attack. The federal courts have provided guidance as to the meaning of the term "meaningful sequence."

■ In discussing a public position letter from the Federal Reserve Board,[1] the Seventh Circuit Court of Appeals held that the meaningful sequence requirement involved at least two criteria. The court stated:

> Thus, meaningful sequence first requires groupings of logically related terms. Second, meaningful sequence requires that the terms in these groupings be arranged in a logically sequential order emphasizing the most important terms.

*Allen v. Beneficial Fin. Co. of Gary, Inc.*, 531 F.2d 797, 801 (7th Cir. 1976). The court stated that these two criteria were not to be mechanically nor rigidly applied. The most important consideration was the "clarity of disclosure." *Allen v. Beneficial Fin. Co. of Gary, Inc.*, supra at 802.

■ Appellant contends that the voluntary insurance requisition located at the bottom of the disclosure statement is deficient in that it does not set out the cost of the insurance premium. That cost is clearly stated above in the numerical portion of the disclosure statement. The disclosure statement is not deficient simply because the cost of the insurance premium was not contained within the voluntary insurance requisition. *Doggett v. Ritter Fin. Co.*, 528 F.2d 860 (4th Cir. 1975). Appellant additionally contends that the two paragraphs dealing with insurance (the third paragraph and the voluntary insurance requisition paragraph) should be located in a close proximity. Although such a placement may have been preferable, the insurance

---

[1]Federal Reserve Board's public position letter No. 780 (April 10, 1974), 5 CCH Consumer Credit Guide ¶ 31,102 (1974).

762

paragraphs as set out are not confusing and sufficiently comply with the Act and the Regulation.

The appellant next contends that the delinquent charge provisions are neither clear, conspicuous, nor in a meaningful sequence, and thus violate Regulation Z, 12 C.F.R. § 226.6(a) (1976). The amount of the delinquent charge (.53) is set out at the top of the disclosure statement and is designated as the delinquent charge. Although it would have been more clear if the charge had been designated as $.53, rather than .53, the designation of the amount of the delinquent charge is not so unclear as to be violative of the Act or Regulation. Appellant also contends that the amount of the delinquent charge and the paragraph specifying when a delinquent charge will be assessed should be located in a close proximity. This contention is not well taken. The amount of the charge is positioned at the top of the disclosure statement, along with the other numerical computations. The discussion of the charge is the fourth paragraph in the bottom half of the disclosure statement. It would have been more confusing and less conspicuous to have the amount of the delinquent charge intermixed with the paragraph discussing the delinquent charge.

The appellant also contends that the due date provisions and the default clause are not in a meaningful sequence. The cases are in conflict as to whether the due date and the default clause must be in close proximity. *See Barksdale v. Peoples Financial Corp.*, 393 F. Supp. 112 (N.D. Ga. 1975) (close proximity not required); *Pollock v. Avco Financial Servs., Inc.* (N.D. Ga. 1974), 5 CCH Consumer Credit Guide ¶ 98,766 (close proximity required). We do not find that the disclosure statement is defective merely because the due date was set out at the top of the page, with the other numerical computations, and the due date explanation and the default clause were set forth in the explanation portion of the disclosure statement.[2]

---

[2] The disclosure statement found in 5 CCH Consumer Credit Guide ¶ 12,753 (1969), had the due date located at the top of the disclosure statement, and the default clause in that portion of the statement which contained the explanatory paragraphs. This particular portion of the

Appellant next contends that the disclosure statement is defective because it does not give the total number of payments. The disclosure statement's designation of the payments merely requires simple arithmetic (adding one payment plus 24) to determine that the total number of payments is 25. Such a simple computation does not render the disclosure statement confusing. *See Doggett v. Ritter Fin. Co., supra.*

Appellant also contends that the notation "none" under HHG-Fire is confusing. This contention is well taken, but since appellant was not charged for fire insurance on household goods, the notation should not be construed to make the statement a violation of either the Act or the Regulation.

In finding of fact No. 4, the trial court found that the disclosure statement was clear, not confusing, and set out in a meaningful sequence. Such finding was supported by substantial evidence and will not be overturned on appeal. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

It should be noted that although certain aspects of the disclosure statement could have been improved, the statement is not so confusing as to make it violative of the Act and the Regulation. We do not adopt this particular form of disclosure statement as a model for lending agencies.

Appellant's contention that she is entitled to damages and attorney's fees is not well taken. Since the disclosure statement violates neither the Act nor the Regulation, appellant is not entitled to damages or attorney's fees. 15 U.S.C. § 1640 (a) (2) (1974).

Lastly, the appellant contends that the trial court erred in failing to find the specific due date of the payments. The disclosure statement designates the due date as the 28th of the month, whereas the appellant contends that the parties negotiated that the due date would be the 15th of the

disclosure statement was "designed to reflect Federal truth-in-lending requirements in relation to consumer loans." 5 CCH Consumer Credit Guide ¶ 12,753, at 60,607 (1969).

month. Ordinarily, when the due date is disputed, the due date would be a material fact and should be determined by the court. In this case, however, such a determination is immaterial. The appellant had been in default since August 29, 1973; a determination that the due date was the 15th of the month, rather than the 28th, would not have rendered the appellant less in default. Therefore, the court's failure to make such a determination was not prejudicial and did not constitute reversible error. *Capen v. Wester*, 58 Wn.2d 900, 365 P.2d 326 (1961).

The trial court is affirmed.

GREEN and McINTURFF, JJ., concur.

Petition for rehearing denied March 1, 1977.

Review denied by Supreme Court July 27, 1977.