**Everett J. FLESHER and Rita Flesher, Plaintiffs-Appellants,**

v.

**HOUSEHOLD FINANCE CORPORATION OF OHIO, Defendant-Appellee.**

**No. 79–3163.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 20, 1980.

Decided Feb. 13, 1981.

Vincent Alfera, Gregory R. Sain, Summit County Legal Aid Society and Richard Aynes, Appellate Review Office Law School, University of Akron, Akron, Ohio, for plaintiffs-appellants.

Thomas A. Treadon, Herbert & Treadon, Canton, Ohio, Robert W. Werth, Vorys, Sater, Seyour & Pease, Columbus, Ohio, for defendant-appellee.

Before MARTIN and JONES, Circuit Judges, and REED, District Judge *.

* Honorable Scott Reed, District Judge, United States District Court for the Eastern District of Kentucky, sitting by designation.

PER CURIAM.

Plaintiffs appeal from a summary judgment for defendants in this action for monetary damages for the violation of the Truth in Lending Act ("Act"), 15 U.S.C. § 1601 *et seq.*, and regulations of the Federal Reserve Board ("Regulation Z"), 12 C.F.R. § 226 *et seq.* Because the defendant failed to clearly and conspicuously disclose the amount of the default and deferment charge, we reverse the judgment of the district court and remand the case to the district court.

I.

The plaintiffs secured a consumer loan on April 18, 1977, from the Household Finance Corporation ("HFC"). HFC supplied the plaintiffs with a combined note and disclosure statement representing the loan agreement. The Act and Regulation Z required HFC to disclose the finance charge and the annual percentage rate in a clear, conspicuous, and meaningful manner, and to disclose any security interest in the goods retained.

Plaintiffs alleged in the district court that the loan agreement violated the Act by:

1) not properly describing the nature of the seller's security interest in the goods purchased with the proceeds of the loan;

2) not properly disclosing the terms "finance charge" and "annual percentage rate"; and

3) not disclosing in a clear, conspicuous, and meaningful manner the amount or method of computing the default or delinquency charges.[1]

The district court held that, as a matter of law, the "finance charge" and "annual percentage rate" were clearly and conspicuously disclosed by the "boldface print" and heavy black line surrounding them, and that the agreement did not need to contain an after-acquired property clause because HFC did not claim such an interest. The district court also held that the loan agree-

ment properly disclosed the default and delinquency charge because the document made clear that this charge, which is listed in the loan agreement simply as .9863, implicitly should be read with a dollar sign. The district court stated that while a dollar sign before this item would make it more clear, the Act does not require a dollar sign.[2]

II.

We agree with the district court that HFC complied with the Act by putting the "finance charge" and the "annual percentage rate" in a box with a heavy black line. The highlighting of the "annual percentage rate" and the "finance charge" by placing them in black boxes constitutes a clear and conspicuous disclosure of such terms. *Frank v. Reserve Consumer Discount Co.*, 398 F.Supp. 703 (W.D.Pa.1975). Similarly, the failure of HFC to disclose the absence of an interest in after-acquired property is not a violation of the Act. Under the loan agreement, HFC does not claim an interest in after-acquired property. Therefore, the failure to disclaim such an interest is not a violation of the Act.

III.

The failure to include a dollar sign before the "default and deferment charge" is a violation of the "clear and conspicuous" requirement of the Act. The "default and deferment charge" is the only figure not accompanied by either a dollar sign or a percentage rate sign. The explanation of this charge is separated from the "delinquency and default" figure by seven other unrelated statements. Contrary to HFC's argument that the "default and deferment charge" implicitly refers to a dollar amount, we believe that this four-digit decimal could be a percentage or some other charge. Thus, plaintiffs did not know the charges to be paid upon their default or deferment under this loan agreement. *Chavez v. Aetna Finance Co.*, 553 S.W.2d 174 (Tex.Civ.

1. The fourth claim is not at issue in this appeal.

2. HFC has not argued in this appeal that the dollar sign was inadvertently omitted.

App.1977), ref. n. r. e., 561 S.W.2d 799 (Tex. 1978).

Some courts have taken the view that consumers need only read the combined note and disclosure statement to understand what was meant by a figure without a dollar sign. *Household Consumer Discount Co. v. Payne*, No. 8850 (Ohio App. Oct. 4, 1978); *GAC Finance Corp. v. Burgess*, 16 Wash.App. 758, 558 P.2d 1386 (1977). We do not believe this view of the combined note and disclosure statement properly allocates the burden imposed on lenders by the Act. The purpose of the Act is:

> to assure a meaningful disclosure of credit terms so that the customer will be able to compare more readily the various credit items ... and avoid the uninformed use of credit. 15 U.S.C. § 1601.

This purpose is threatened by loan agreements which are unclear to consumers.

Plaintiffs shall recover costs from HFC.

Accordingly, we REVERSE the judgment of the district court and REMAND the case to the district court for further proceedings for the purpose of determining damages.