**In re Mary M. McELVANY a/k/a Mary M. Danko, Debtor.**

**HOUSEHOLD FINANCE REALTY CORPORATION, Plaintiff,**

v.

**Mary M. McELVANY a/k/a Mary M. Danko, Defendant.**

**Bankruptcy No. 87–387 PGH. Adv. No. 88–73 PGH.**

United States Bankruptcy Court, W.D. Pennsylvania.

March 31, 1989.

———————

John P. Dohanich, Pittsburgh, Pa., for plaintiff.

Lorraine M. Bittner, Pittsburgh, Pa., for debtor.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

This adversary proceeding centers around a mortgage foreclosure action and the defenses therein originating in the Allegheny Court of Common Pleas. Although a motion for summary judgment was filed in the common pleas court, the defendant had filed a bankruptcy petition and no further action was taken in the state court proceedings. Thereafter, the debtor filed an application to remove the mortgage foreclosure proceedings to the United States District Court pursuant to 28 U.S.C. § 1409, and the matter was then remanded to this court for disposition in connection with the bankruptcy proceedings.

### I

On December 8, 1981, the debtor, Mary M. McElvany, and her husband, Howard L. McElvany, executed a note with Household Finance Realty Corporation ("Household") for the principal sum of $6,018.97 together with a pre-computed finance charge of $5,828.71. The note was to be paid in 84 monthly installments of $141.00 causing the total of payments to equal $11,847.68. As security for the note, the debtor, individually, executed a mortgage on the same date which was duly recorded. Payments were made under the terms of the note until the debtor's husband died in July of 1985. Although periodic and partial payments were subsequently made by the debtor, Household initiated the foreclosure proceedings in 1986 that are presently before this court.

The parties have agreed to submit the matters for disposition on the existing record. We will therefore review and dispose of the matters based on cross motions for summary judgment. Both parties agree that there is no genuine issue of material fact and that only an issue of law remains undecided.

The debtor has withdrawn challenges to the reasonableness of the attorney fees under Act 6 of 1974, 41 P.S. § 406, and a counterclaim which alleged a violation of the interest ceiling contained in Act 6, 41 P.S. § 101, *et seq.* The issue remaining is whether Household violated the Federal Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and Federal Reserve Regulation Z ("Regulation Z"), 12 C.F.R. § 226.1 *et seq.*

The contentions of the debtor are that:

1) Household is in violation of Regulation Z, § 226.6(a), by not "printing" the terms "finance charge" and "annual percentage rate" more conspicuously than other required terminology;

2) Household is in violation of Regulation Z, Section 226.8(b)(7), by not providing for or sufficiently identifying a method by which it will compute and rebate any unearned portion of the finance charge if the debtor prepays the obligation in full, including the pre-computed finance charges; and

3) Household is in violation of Regulation Z, Section 226.8(b)(5), by not clearly identifying a security interest taken in future rents due the debtor.

As a result of these violations, the debtor is seeking a $1,000 judgment in recoupment plus attorney fees pursuant to 15 U.S.C. § 1640.

Household defends by arguing that the mortgage and note do contain the required disclosures. In particular, Household contends that by enclosing the terms "Finance Charge" and "Annual Percentage Rate" in heavily darkened rectangles, the terms are more conspicuous than anything else on the note. Additionally, Household contends that the note contains and sufficiently identifies a method by which it will compute and rebate any unearned portion of the finance charge if the debtor prepays the

obligation in full. Household asserts that the prepayment clause satisfies the required disclosures by indicating that if the total amount is paid before the maturity date, the amount owed will be reduced by unearned credit insurance charges and, further, that because no prepaid finance charges were paid by or charged to the debtor, there was no necessity for such a provision in the note. Finally, Household asserts that Regulation Z, § 226.8(b)(5) is inapplicable to the security interest taken in any future rents collected by the debtor because the debtor has resided in the premises and, therefor, has not rented any portion of the premises.

## II

This case presents a straight forward application of the disclosure requirements of the TILA and Regulation Z. Although the TILA and Regulation Z were amended in 1982, the credit transaction here occurred prior to the amendments and are therefore are governed by the TILA, as amended, and Regulation Z as amended to March 23, 1977. The TILA and Regulation Z mandate the form and content of certain minimum disclosures required in finance agreements. *Thomka v. A.Z. Chevrolet, Inc.*, 619 F.2d 246, 248 (3d Cir.1980). It is a system of strict liability if the required disclosures are not made according to provisions of Regulation Z. *Id. See also, Griggs v. Provident Consumer Discount Co.*, 680 F.2d 927, 930 (3d Cir.1982). It is strict liability in the sense that absolute compliance is required and even technical violations will form the basis for liability. *Lauletta v. Valley Buick, Inc.*, 421 F.Supp. 1036, 1040 (W.D.Pa.1976).

Section 226.8(b) of Regulation Z contains the disclosure requirements for the type of transaction in issue here. That section provides:

> (b) **Disclosures in sale and nonsale credit.** In any transaction subject to this subsection, the following items, *as applicable,* shall be disclosed:
>
> * * * * * *
>
> (5) A description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates or, if such property is not identifiable, an explanation of the manner in which the creditor retains or may acquire a security interest in such property which the creditor is unable to identify. In any such case where a clear identification of such property cannot be properly be made on the disclosure statement due to the length of such identification, the note, other instrument evidencing the obligation, or separate disclosure statement shall contain reference to a separate pledge agreement, or a financing statement, mortgage, deed of trust, or similar document evidencing the security interest, a copy of which shall be furnished to the customer by the creditor as promptly as practicable. If after-acquired property will be subject to the security interest or if other or future indebtedness is or may be secured by any such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired.
>
> * * * * * *
>
> (7) Identification of the method of computing any unearned portion of the finance charge in the event of repayment in full of an obligation *which includes pre-computed finance charges* and a statement of the amount or method of computation of any charge that may be deducted from the amount of any rebate of such unearned finance charge that will be credited to an obligation or refunded to the customer. If the credit contract does not provide for any rebate of unearned finance charges upon prepayment in full, this fact shall be disclosed. 12 C.F.R. § 226.8(b) (emphasis added).

The debtor's allegations that the terms "finance charge" and "annual percentage rate" are not printed more conspicuously are based upon § 226.6(a) of Regulation Z. This section provides:

> (a) **Disclosures; general rule.** The disclosures required to be given by this part shall be made clearly, conspicuously, in meaningful sequence, in accordance with

the further requirements of this section, and at the time and in the terminology prescribed in applicable sections. Except with respect to the requirements of § 226.10, where the terms "finance charge" and "annual percentage rate" are required to be used, they shall be *printed* more conspicuously than other terminology required by this part and all numerical amounts and percentages shall be stated in figures and shall be printed in not less than the equivalent of 10 point type, .075 inch computer type, or elite size typewritten numerals, or shall be legibly handwritten. All disclosures required to be given by this Part shall be made in the English language ... 12 C.F.R. § 226.6(a) (emphasis added).

■ Regulation Z also provides interpretations to answer various questions that may arise under general disclosure sections quoted above. In particular, § 226.819 offers some guidance as to the meaning of pre-computed finance charges as opposed to prepaid finance charges. Although this section does not specifically resolve the issues in the case at bench, it does negate Household's contention that the disclosure requirements of § 226.8(b)(7) do not apply because no prepaid finance charges were paid by or charged to the debtor. Subsection (b) of § 226.819 provides:

(a) ... The question arises whether ... pre-computed finance charges which are reflected in the face amount of the debt instrument as part of the customer's obligation, but which are excluded from the "amount financed," must be labeled as "prepaid" finance charges.

(b) The concept of prepaid finance charges was adopted to insure that the "amount financed" reflected only that credit of which the customer had the actual use. Pre-computed finance charges which are included in the face amount of the obligation are not the type contemplated by the "prepaid" finance charge disclosure concept. Although such pre-computed finance charges are not to be included in the "amount financed," they need not be regarded as finance charges "paid separately" or "withheld by the creditor from the proceeds of the credit extended" within the

meaning of § 226.8(e) to require labeling "prepaid" under §§ 226.8(c)(6) and 226.-8(d)(2). They are "finance charges", of course, to be disclosed under §§ 226.-8(c)(8) and 226.8(d)(3). 12 C.F.R. § 226.819.

A reading of the foregoing clearly indicates that the pre-computed finance charges must be disclosed in a manner consistent with § 226.8(b), the general disclosure requirements.

### III

■ Applying the principles and disclosure requirements stated in section II of this opinion, we now examine the alleged violations. We find the debtor's first contention, that Household violated § 226.6(a) by not "printing" the terms "finance charge" and "annual percentage rate" more conspicuously than other required terminology, to be without merit. Highlighting these two terms by placing them in black boxes constitutes a clear and conspicuous disclosure of such terms. *Frank v. Reserve Consumer Discount Co.*, 398 F.Supp. 703 (W.D.Pa.1975). *See also, Flesher v. Household Finance Corp.*, 640 F.2d 861, 862 (6th Cir.1981).

■ There is merit, however, to the debtor's remaining contentions. The debtor's second contention concerns the prepayment clause contained in the note. That clause states:

PREPAYMENT. I may prepay any or all of my loan at any time. If I fully pay before the final payment due date, the amount I owe will be reduced by unearned credit insurance charges.

The note form also contains provisions for obtaining credit insurance, but this note clearly indicates that no credit insurance was to be provided. Thus, the reference to a reduction in "unearned credit insurance" is meaningless at best, and misleading at worst.

An examination of an interpretation contained in § 226.818 clearly indicates that the note does not satisfy the disclosure requirements of § 226.8(b)(7). Subsection (c) of this interpretative regulation provides:

(c) Section 226.8(b)(7) requires "identification" of the rebate method used on

pre-computed contracts. Many [s]tate statutes provide for rebates of unearned finance charges under methods known as the "Rule of 78's" or "sum of the digits" or other methods. In view of the fact that such statutory provisions involve complex mathematical descriptions which generally cannot be condensed into simple accurate statements, and which if repeated at length on disclosure forms could detract from other important disclosures, the requirement of rebate "identification" is satisfied simply by reference by name to the "Rule of 78's" or other method, as applicable.

12 C.F.R. § 226.818(c), 15 U.S.C. foll. § 1700 (1982).

The prepayment clause here does not contain an applicable method to compute a rebate of unearned finance charges. Credit insurance charges may be an item included in the finance charge; however, there were no credit insurance charges made in connection with this loan. Thus, although the note may provide a method for reducing the obligation upon prepayment, that method was not applicable to the debtor because credit insurance was not provided or required in connection with the loan. Therefore the note did not provide for any rebate of unearned finance charges upon prepayment in full and, as a result, must disclose the fact that "the credit contract does not provide for any rebate of unearned finance charges upon prepayment in full." 12 C.F.R. § 226.8(b)(7), 15 U.S.C. foll. § 1700 (1982). The note does not disclose this fact and thus, we find Household violated the disclosure requirements of Regulation Z, § 226.8(b)(7).

Household argues that the "Prepayment" clause is accurate because: (1) It relates *only* to a refund of credit insurance charges—and since there was no credit insurance here, there could be no failure to disclose; and (2) The contract provided for *no* refund of unearned finance charges in the event of prepayment—and hence no disclosure of a means of computing such refund was necessary.

■ The court is thunderstruck by this argument. The "Prepayment" clause is clearly intended by the lender to make the borrower think that upon prepayment there will be a reduction in the finance charges. If there is to be no reduction for unearned finance charges, as is the case here, the document ought to say so; 12 C.F.R. § 226.8(b)(7) requires that it must.

■ The debtor's third contention, that Household violated § 226.8(b)(5) by not disclosing the security interest in the future rents, also has merit. The provision in the note concerning security states:

SECURITY. (1) You may use any benefits from insurance purchased or required under this contract (including any refunds for purchased insurance) to pay amounts I owe. (2) There is a mortgage on my real estate, located at my address above unless a different address is stated below.

There is no provision in the note that refers to the mortgage for any additional security to be held, retained or acquired by Household in connection with the loan. However, on the third page of the mortgage instrument, paragraph number 17 states:

**Assignment of rents; appointment of receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 16 hereof, in abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 16 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due . . .

Although the note refers to the mortgage, no where on the note is there a provision indicating that the mortgage contains additional provisions granting Household a security interest in the "rents" of the property. No clear identification of this additional security interest is disclosed in the note as required by § 226.8(b)(5). *Gennuso v. Commercial Bank & Trust Co.*, 566 F.2d 437 (3d Cir.1977). *See also, Bulger v. Thorp Credit Inc.*, 609 F.2d 1255 (7th Cir.1979) *and Elzea v. National Bank of Georgia*, 570 F.2d 1248 (5th Cir.1978).

We therefore find that the note does not comply with the disclosure requirements contained in Regulation Z, § 226.8(b)(5).

Having found that Household violated the disclosure requirements contained in Regulation Z, § 226.8(b), civil liability is imposed under 15 U.S.C. § 1640(a) (1976). Since the transaction involved a finance charge of $5,828.71, the debtor is entitled to judgment in the amount of $1,000.00 under subsection (a)(2)(A)(i) plus the costs of suit and reasonable attorney fees under subsection (a)(3). 15 U.S.C. § 1640 (1976).

In the instant proceeding (the removed mortgage foreclosure action), Household claims that the value of its secured claim is $5,165.94 plus interest from March 21, 1986. The Debtor's position, through her claim in recoupment under TILA, is that she is entitled to have the value of Household's secured claim reduced by $1,000 plus reasonable attorney fees under 15 U.S.C. § 1640(a)(2) & (3) (1976). In the case at bench, we find the amount of $400 to be reasonable attorney fees. Therefore, based on our findings above and our authority to determine the secured status of claims under 11 U.S.C. § 506, we hold Household's secured claim to be valued at $3,765.94 as of the date the petition was filed ($5,165.94 minus the $1,400 awarded pursuant to 15 U.S.C. § 1640(a)(2) & (3)).

A separate order shall be issued in accordance with the above.