HOUSEHOLD CONSUMER DISCOUNT COMPANY, APPELLEE, *v.*
PAYNE ET AL., APPELLANTS.

(No. 8850—Decided October 4, 1978.)

*Mr. Thomas A. Treadon,* for appellee.
*Mr. Terry Zimmerman,* for appellants.

*Per Curiam.* This is an appeal from a ruling of the Akron Municipal Court denying the defendants' motion for summary judgment. We affirm.

### Facts

The defendants, Robert and Ora Payne, defaulted on a promissory note held by the plaintiff, Household Consumer Discount. The plaintiff sued on the note. Alleging that the note violated the Truth in Lending Act, Section 1601 *et seq.,* Title 15, U.S. Code (1968), the defendants counterclaimed for the statutory damages authorized in Section 1640, Title 15, U.S. Code. Specifically, defendants alleged that the disclosure of default charges did not comply with 12 C.F.R., Sections 226.6(a) and 226.8(b)(4) (1978). The trial court awarded the plaintiff a judgment for the outstanding debt. Finding no violation of the Truth in Lending Act or Regulation Z, the court subsequently denied the defendants' motion for a summary judgment on the counterclaim.

### Assignment of Error I

"The March 17, 1978 decision of the Akron Municipal Court that plaintiff's disclosure of default charges is not violative of the Federal Truth in Lending Act and Sections 226.6(a) and 226.8(b)(4) of Federal Reserve Board Regulation Z promulgated pursuant to said act is erroneous."

Although defendants' alleged error in the trial court's ruling that the default charge disclosures did not violate 12 C.F.R., Section 226.8(b)(4), their brief contains no support for that assertion. We agree with the trial court that the identification of the unit charge, followed by an explanation of its use in calculating a default payment, does not violate the regulation. Rather, we find full compliance with the language of the regulation requiring disclosure of the amount *or* method of computing the amount of any default charge.

Defendants further argue that the disclosures of default charges are not clear, conspicuous or in a meaningful sequence, and, therefore, violate 12 C.F.R., Section 226.6(a). Plaintiff and defendants appear to be in agreement that the disclosures comply with the size of type requirements of 12 C.F.R., Section 226.6(a). We hold that such compliance satisfies the requirement of conspicuousness. Clarity, a related quality, refers to the ability of the consumer to understand the disclosure. The chart at the top of the note contains a series of figures in labelled boxes. This is followed by insurance information and a list of explanations of the labelled boxes. We note that the pre-printed dollar sign appears in every box where the figure represents a sum of money, except no dollar sign appears in the unit charge box. An examination of the chart alone does not reveal that the figure .6622 represents $.6622. However, a consumer is presented with the entire form, and is expected to read it. The explanatory paragraph that follows makes clear the significance and function of the figure in the box. We agree with *G.A.C. Finance Corp.* v. *Burgess* (1977), 16 Wash. App. 758, 558 P. 2d 1386, that is would be clearer if the charge were preceded by a dollar sign, but, when considered together with the explanation, the unit charge is not so unclear that it violates the act or the regulations.

As defendants point out in their brief, the requirement of a meaningful sequence is not a rigid mechanical rule. It must

be read in conjunction with the purpose of the act, which is: "***to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit***." Section 1601, Title 15, U. S. Code (1968).

We agree with the trial court that there is no requirement that the default charge be readily assimilated at first glance or upon a cursory examination. Instead, upon reflection, it must be intelligible to the average consumer. We disagree with the defendants' claim that the terms relating to the default charge are scattered throughout the contract. The figure at the top of the page is labelled to indicate that a unit charge is used for rebate, default and deferment charges. On the same page, four inches below this figure, labelled in bold face type, is an explanation of the function of the unit charge. Defendants cite *Lowery* v. *Finance America Corp.* (1977), 32 N.C. App. 174, 231 S.E. 2d 904, and *Martinez* v. *Beneficial Finance Co. of Santa Fe* (D.C. N.M. 1976), 5 CCH Consumer Credit Guide, Para. 98,300. Both cases deal with confusing disclosures of insurance terms. We find these unpersuasive in that each case must turn on the particular disclosure form used. We find that the disclosures here are in a meaningful sequence. We hold that the trial court's denial of summary judgment was proper.

### Assignment of Error II

"The March 17, 1978, decision of the Akron Municipal Court was erroneous in its failure to award appellants attorney fees as required by the Federal Truth in Lending Act 15 *U.S.C.* 1640."

Because we find no violation of Section 1640(a), Title 15, U.S. Code, defendants are not entitled to recover attorney's fees. Consequently, a discussion of that issue is moot.

*Judgment affirmed.*

MAHONEY, P. J., BELL and HUNSICKER, JJ., concur.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.