**Fred and Bonnie BESAW, Plaintiffs-Appellees,**

v.

**GENERAL FINANCE CORPORATION OF GEORGIA, Defendant-Appellant.**

No. 82–8321

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Dec. 13, 1982.

Lewis N. Jones, Atlanta, Ga., for defendant-appellant.

Bowen, Derrickson, Goldberg & West, Ralph Goldberg, Atlanta, Ga., for plaintiffs-appellees.

Before TJOFLAT, JOHNSON and HATCHETT, Circuit Judges.

PER CURIAM:

In this Truth in Lending Act case, we must determine whether General Finance Corporation of Georgia (GFC) disclosed the components of a finance charge in a meaningful sequence on its loan agreement, as required by Regulation Z, 12 C.F.R. § 226.6(a). Agreeing with the trial court that the sequence is not meaningful, we affirm.

FACTS

On June 19, 1980, the appellees, Fred and Bonnie Besaw, entered into a consumer credit transaction with GFC. Their argument, successful in the district court, asserts that GFC's loan agreement failed to disclose the components of the finance charge in a meaningful sequence, thereby violating provisions of Regulation Z, 12 C.F.R. §§ 226.6(a) and 226.8(d)(3). The pertinent portion of the agreement is set out in the Appendix. Paraphrasing, however, the upper portion of the contract consists of three horizontal rows of numerical disclo-

sures. On the bottom row amidst figures indicating the annual percentage rate, amount of monthly installments, and face amount of the contract, appears a finance charge of $1,167.00. Also in this row, and next to the finance charge, appears a $72.00 maintenance charge. Above this row and similarly amidst disclosures of the total amount of payments, amount financed, credit insurance charges, and official fees is a $945.00 interest charge and $150.00 prepaid finance charge. In the bottom portion of the agreement, a provision states that the finance charge equals the sum of the interest, maintenance charge, and prepaid finance charge.[1]

■ The Truth in Lending Act is designed "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him." Congress enacted the Truth in Lending Act to promote "the informed use of credit" and "enhance[] ... the competition among the ... firms engaged in the extension of consumer credit." 15 U.S.C.A. § 1601. To this end, Congress entrusted the Board of Governors of the Federal Reserve System with the power to prescribe regulations to effectuate the purposes of the Act. 15 U.S.C.A. § 1604.[2] In response, the Board issued Regulation Z, 12 C.F.R. § 226.1 *et seq.* Where the Board's regulations are consistent with the congressional purpose, courts must respect those regulations. *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 568, 100 S.Ct. 790, 798, 63 L.Ed.2d 22 (1980); *Dorsey v. Citizens & Southern Financial Corp.,* 678 F.2d 137, 139 (11th Cir.1982).

■ As a general rule, the disclosures required to be given by Regulation Z are to be made clearly, conspicuously, and in a meaningful sequence. Regulation Z, 12 C.F.R. § 226.6(a). Under section 226.-8(d)(3), a creditor is required to disclose "the total amount of the finance charge, using the term 'finance charge' and where the total charge consists of two or more types of charges, a description of the amount of each type." (Footnote omitted.) The Federal Reserve Board has interpreted "meaningful sequence" in this manner:

> The words "in meaningful sequence" in § 226.6(a) relate to a presentation of required disclosures in a logical order with respect to those items which have an arithmetical relationship to each other. For example, many of the items called for in § 226.8(b), (c) ... and (d) ... are arithmetical and follow each other in logical progression. The remaining items are informative and have no particular interdependence. A meaningful sequence would call for those items which are arithmetically related to appear within a reasonable proximity to each other, not mixed with items which are irrelevant to a progression of arithmetical computations or thought.... [I]n keeping with the purpose of the Truth in Lending Act, they should be placed in reasonable proximity to each other so that the customer will not be required to search for any arithmetical items which should logically follow a previous one.

FRB Public Position Letter No. 780 (April 10, 1974), *reprinted in* CCH Consumer Cred. Guide ¶ 31,102 (transfer binder). Based on this interpretation, the Seventh Circuit concluded in *Allen v. Beneficial Finance Co.,* 531 F.2d 797 (7th Cir.), *cert. denied,* 429 U.S. 885, 97 S.Ct. 237, 50 L.Ed.2d 166 (1976), that the term "meaningful sequence" involves two requirements. The court identified these requirements and commented on their meaning:

1. FINANCE CHARGE—ANNUAL PERCENTAGE RATE. The Finance Charge is the sum of the Interest, Maintenance Charge, and Prepaid Finance Charge and is [in effect] for the full term of the contract.

2. The Board shall prescribe regulations to carry out the purposes of this subchapter. These regulations may contain such classifi-

cations, differentiations, or other provisions, and may provide for such adjustments and exceptions for any class of transactions, as in the judgment of the Board are necessary or proper to effectuate the purposes of this subchapter, to prevent circumvention or evasion thereof, or to facilitate compliance therewith. 15 U.S.C.A. § 1604(a).

Thus, meaningful sequence first requires groupings of logically related terms. Second, meaningful sequence requires that the terms in these groupings be arranged in a logically sequential order emphasizing the most important terms. The Board means this when it speaks of an 'arithmetical progression.'

These requirements should not unduly burden creditors who sincerely wish to provide customers with understandable disclosure statements. A clear disclosure statement will naturally fall within the bounds of these requirements. Related terms are normally grouped together to promote clarity. For instance, all those terms which make up the amount financed would normally fall in the same column so that they could be added to arrive at a total amount financed. *Similarly, terms that make up the finance charge or the insurance costs would be brought together.* Such logical groupings separate different elements of the disclosure statement and should prevent confusion as to the role a term plays. In the same fashion, the natural arrangement for terms in a group is a logically sequential order emphasizing the important terms. In a summation grouping, for instance, the terms making up the sum are placed in a column with the principle terms of the sum at the top and with the total at the bottom. In this way, a person examining the group can easily determine the primary constituents of the sum and can more easily check, if he desires, to see that the total figure is correct. For instance, in the amount financed column one would expect to find the sum paid out to the borrowers at the top, and, in the case of refinancing a loan, the amount of the prior loan also near the top. These are the principle elements of the amount borrowed and the borrower would expect to find these terms in a prominent position. In all, then, creditors should not find compliance with these requirements burdensome since the requirements describe the order which naturally promotes clarity.

*Allen*, 537 F.2d at 801–02 (emphasis supplied). *See also, Basham v. Finance America Corp.*, 583 F.2d 918, 926 (7th Cir.1978), *cert. denied sum nom., DeJaynes v. General Finance Corp.*, 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed.2d 89 (1979) (key factors are reasonable proximity and comprehensibility); *Lamar v. American Finance System, Inc.*, 577 F.2d 953 (5th Cir.1978) (regarding disclosure of security interest retained by lender, Board's Public Position Letter No. 780 does not require any particular order so long as description is clear and conspicuous).

In response to the *Allen* decision, the Board issued Staff Opinion Letter No. 1047 on May 20, 1976. The Board, noting that *Allen* had been interpreted by some to require disclosure elements arranged in a "summation column," as opposed to a subtractional order, clarified the position taken in Letter No. 780. In this later interpretation, the Board states that:

> In staff's opinion, the Regulation does not require all presentations to be made within the rigid confines of some particular series of additions or subtractions. In fact, we believe it is not really appropriate to speak of a "summation" or "subtractional" method as though these were two separate and mutually exclusive types of disclosures.... In staff's view, "meaningful sequence" cannot—and should not—be defined by reference to some rigid concept of arithmetical progression. Since the primary purpose of this requirement and of the Truth in Lending Act as a whole is to adequately inform consumers of the terms and costs of credit, we believe that § 226.6(a) requires that related terms be presented in an order which will assist the customer in understanding their relationship. Given the wide variety in credit transactions, "meaningful sequence" must be determined by reference to the particular set of disclosures under consideration.

FRB Staff Opinion Letter No. 1047 (May 20, 1976) CCH Consumer Cred. Guide ¶ 31,-387 (transfer binder).[3]

**3.** The Board essentially reiterated the clarification in Staff Interpretation Letter No. FC–0054,

In the recommendation adopted by the district court in the case before us, the magistrate failed to address the Board's response to *Allen* found in Staff Opinion Letter No. 1047, the pertinent portion of which is repeated above. GFC contends that the Board's position does not require a strict arithmetical progression of arithmetical items, but a presentation, the *meaningfulness* of which must ultimately be determined by reference to the particular set of disclosures under consideration. Thus, GFC argues that the consumer loan agreement executed by the Besaws satisfies the Board's interpretation of 12 C.F.R. § 226.-6(a). We disagree.

 Despite the magistrate's, and thus the district court's, failure to analyze the clarification of Public Position Letter No. 780 as set forth in Staff Opinion Letter No. 1047, we find that the latter interpretation from the Board in no way repudiates the construction given "meaningful sequence" in Public Position Letter No. 780. That is, items which are arithmetically related to each other, such as the components of the finance charge in the present case, must not be mixed with items which are irrelevant to a progression of arithmetical computation or thought. The position adopted by the district court did not invalidate GFC's consumer loan agreement because the disclosures were not in an arithmetical or sub-

tractional order, but solely because elements of the amount financed are intermingled with elements of the finance charge. Such a position does not indicate a rigid concept of arithmetical progression. Rather, the district court's holding embraces the Board's clarification presented in Letter No. 1047 to the effect that related terms must be presented in an order which will assist the customer in understanding their relationship. Although the elements of the total finance charge appear within a reasonable proximity of each other in the upper portion of the contract, they are mixed with items unrelated to the necessary arithmetical computation. Moreover, by intermingling the various disclosure terms, GFC falls far short of disclosing the components of the finance charge in a meaningful order. Therefore, we hold that GFC's consumer loan agreement form violates Regulation Z, 12 C.F.R. § 226.6(a), in that it fails to disclose the components of the finance charge in a meaningful sequence.[4]

## CONCLUSION

For the reasons expressed herein, we affirm the district court's order granting Fred and Bonnie Besaw summary judgment and the monetary award provided by 15 U.S.C.A. § 1640(a)(2)(A)(i).[5]

AFFIRMED.

---

CCH Consumer Cred. Guide ¶ 31,552 (transfer binder). *See Basham,* 583 F.2d 926 at n. 13, 927.

**4.** GFC argues that this case is controlled by *Frazier v. General Finance Corp.,* C78–1224A (N.D.Ga. April 23, 1979), and *McKnight v. Household Finance Corp. of Atlanta,* C74–1624A (N.D.Ga. May 7, 1975). To the extent that these cases are inconsistent with our holding in this case, we overrule them.·

**5.** Title 15 U.S.C.A. § 1640 states, in pertinent part:
 (a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under sec-

tion 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
 (1) any actual damage sustained by such person as a result of the failure;
 (2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, or (ii) in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000 . .·. .

APPENDIX

Below the name and address of the loan applicants appears the following:

| TRANSACTION DATE | FIRST INSTALLMENT DUE DATE | OTHERS Same Day Each Month | FINAL INSTALLMENT DUE DATE | INSTALLMENTS | INTEREST BEGINS |
|---|---|---|---|---|---|
| 6/19/80 | 7/19/80 | | 6/19/83 | $115.75 | 6/19/80 |

| OFFICIAL FEES | PROCEEDS OF LOAN | REAL ESTATE DEED |
|---|---|---|
| $ 2.50 | $ 2579.80 | NO |

CREDIT INSURANCE CHARGES
Life $ 208.85 Disability $ 208.85 Property $ None

SECURITY INTEREST YES

ANNUAL PERCENTAGE RATE $ 22.757 %

AMOUNT FINANCED $ 3000.00

FINANCE CHARGE $ 1167.00

MAINTENANCE CHARGE $ 72.00

TOTAL OF PAYMENTS $ 4167.00

INTEREST CHARGE $ 945.00

PREPAID FINANCE CHARGE $ 150.00

FACE AMOUNT OF CONTRACT $ 3150.00

AMOUNT PAYABLE IN 36 MONTHLY INSTALLMENTS